WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
John P. O'Toole, Esq. (JPO 1373)
33 Washington Street
Newark, New Jersey  07102-3017
Tel.: (973) 624-0800
Fax: (973) 624-0808
Email: john.otoole @wilsonelser.com

Attorneys for Hartford Fire Insurance Company

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MARCAL PAPER MILLS, INC., | : | Case No. 06-21886 (MS) |
| Debtor. | : | |
| EDWARD P. BOND, as Liquidating Trustee, | : | Adv. Proc. 08-2918 |
| Plaintiff, | : | |
| vs. | : | |
| THE HARTFORD, | : | |
| Defendant. | : | |

**ANSWER TO COMPLAINT**

Defendant Hartford Fire Insurance Company ("Defendant" or "Hartford"), improperly sued herein as "The Hartford," by and through its undersigned attorneys, hereby responds to the Complaint (the "Complaint") originally filed by Plaintiff the Official Committee of Unsecured Creditors for Marcal Paper Mills, Inc. and now prosecuted by Edward P. Bond as Liquidating Trustee ("Plaintiff"), and alleges as follows:

905144.1

-2-

### Introduction and Parties[1]

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Hartford admits only that it is a corporation that transacts business within the United States, and that it has transacted business in the past with Debtor Marcal paper Mills, Inc. The balance of the allegations in this paragraph are denied.

### Jurisdiction and Venue

7. Admitted.

8. Admitted.

9. Admitted.

10. No response is required to these allegations and the Court is respectfully referred to the Bankruptcy Code provisions cited therein for the complete content and import thereof.

### General Allegations

11. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies same.

12. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies same.

---

[1] Any headings used herein are intended to track those of the Complaint and are for ease of reference only. No substantive admission is intended by the use of any such headings. The numbered paragraphs of this Answer are intended to correspond with the numbered paragraphs of the Complaint.

-2-

905144.1

13. No response is required to these allegations and the Court is respectfully referred to the Bankruptcy Code provisions cited therein for the complete content and import thereof.

## Count I -- Avoidance of Preferential Transfers

14. Hartford realleges and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint above as if fully set forth herein.

15. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. Admitted.

17. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Denied.

22. Denied.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Count I of the Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

905144.1

### Count II - Avoidance of Fraudulent Transfers

23. Hartford realleges and incorporates by reference its responses to paragraphs 1 through 22 of the Complaint above as if fully set forth herein.

24. Denied.

25. No response is required to these allegations and the Court is respectfully referred to the Bankruptcy Code provisions cited therein for the complete content and import thereof.

26. Denied.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Count II of the Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

### Count III - Recovery of Property

27. Hartford realleges and incorporates by reference its responses to paragraphs 1 through 26 of the Complaint above as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Count III of the Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

905144.1

### Count IV - Disallowance of Claims

32. Hartford realleges and incorporates by reference its responses to paragraphs 1 through 31 of the Complaint above as if fully set forth herein.

33. Denied.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Count IV of the Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

### Count V - Attorneys' Fees

34. Hartford realleges and incorporates by reference its responses to paragraphs 1 through 33 of the Complaint above as if fully set forth herein.

35. Denied.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Count V of the Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

### General Denial

To the extent that Hartford has failed to specifically respond above to any of the allegations contained in the Complaint, Hartford denies all such allegations.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred under the applicable statute of limitation.

3. Plaintiff lacks standing to assert the claims alleged in the Complaint.

4. Plaintiff's claims are barred under the doctrines of waiver, laches, unclean hands, in pari delicto, and/or estoppel.

5. Plaintiff's claims are barred because at all times Hartford was secured by a letter of credit for the obligations of the Debtor giving rise to the transfers alleged in the Complaint and thus Hartford would have been paid in full had the transfers not been made and the Debtor had filed a case under Chapter 7 of the Bankruptcy Code.

6. To the extent that Hartford is or was the recipient of any transfers or obligations, Hartford is a good faith transferee or obligee for value and without knowledge of the voidability of any such transfers or obligations.

WHEREFORE, Hartford respectfully requests that the Court enter a judgment dismissing Plaintiff's Complaint with prejudice in its entirety, together with an award of costs and fees as permitted by the applicable law, and such other and further relief as the Court deems just and proper.

Dated:  Newark, NJ
September 30, 2009

> Respectfully submitted,
>
> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
> Attorneys for Defendant Hartford Fire Insurance Company
>
> By: */s/ John P. O'Toole*
> John P. O'Toole, Esq. (JPO 1373)
>
> -and-
>
> Mark G. Ledwin, Esq.
> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
> 3 Gannett Drive
> White Plains, NY 10604
> Tel:  914-872-7148
> Fax:  914-323-7001
> Email:  mark.ledwin@wilsonelser.com

-6-

## CERTIFICATE OF SERVICE

John P. O'Toole, an attorney duly admitted to practice before this Court, hereby certifies that on the September 30, 2009, I caused a true and correct copy of the foregoing Answer to be served via the Court's ECF system and by regular U.S. mail upon substitute counsel for Plaintiff at the address listed below:

>Nancy A. Washington, Esq.
>Saiber, LLC
>One Gateway Center 13th fl.
>Newark, NJ 07102-5311
>Tel: 973-622-3333
>Email: naw@saiber.com

Dated: Newark, NJ
September 30, 2009

>*/s/ John P. O'Toole*
>John P. O'Toole, Esq. (JPO 1373)

-7-

905144.1